IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTWOYN TERRELL
SPENCER, # 14781-041,

Petitioner,

    vs.
JAMES CROSS, JR.,

Respondent.                             Case No. 14-cv-935-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner is once again before this Court, having filed yet another habeas corpus action pursuant to 28 U.S.C. § 2241 seeking to challenge his conviction. This petition was filed on August 27, 2014. Petitioner again raises grounds that he has relied upon without success in three prior petitions: that he is entitled to release from custody because the trial court did not order an evidentiary hearing on his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Moreover, this is the fifth habeas petition he has brought in this Court within the past year, and he filed a sixth action on September 9, 2014 (*Spencer v. Cross*, Case No. 14-cv-983-DRH).

The first in these series of petitions was filed on November 4, 2013. *Spencer v. Cross*, Case No. 13-cv-1133-DRH. In addition to raising the § 2255 evidentiary hearing issue, petitioner challenged two jury instructions in his criminal case. The undersigned Judge dismissed that petition with prejudice on November 27, 2013 (Doc. 3 in Case No. 13-cv-1133-DRH).

On January 16, 2014, petitioner filed his second habeas action, again challenging the same jury instructions. *Spencer v. Cross*, Case No.14-cv-56-DRH. That case was also dismissed with prejudice, and petitioner was warned that future frivolous filings would be met with sanctions pursuant to *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).

Undeterred, petitioner brought a third action on July 1, 2014, raising again the single claim that his due process rights were violated when the trial court failed to conduct an evidentiary hearing in his § 2255 proceeding. *Spencer v. United States*, Case No. 14-cv-756-DRH. That petition was dismissed with prejudice as frivolous on July 23, 2014. Petitioner was again warned that any further habeas petition he filed would be subject to sanctions.

Nevertheless, he filed a fourth § 2241 petition on August 14, 2014, raising the claim that the denial of an evidentiary hearing in the §2255 proceeding rendered that action ineffective to challenge the constitutionality of his conviction. *Spencer v. Cross*, Case No. 14-cv-893-DRH. This petition was also dismissed with prejudice, on September 10, 2014.

Petitioner filed the instant action on August 27, 2014, even before this Court rendered its decision on his most recent case. Now, for the fourth time, he once more attacks the sufficiency of the § 2255 proceeding because his motion was denied without an evidentiary hearing. Despite this Court's previous explanations that an evidentiary hearing is not required in a § 2255 proceeding, he claims that the statute at 28 U.S.C. § 2255(b) requires the trial court to grant an evidentiary hearing upon the movant's request. This simply

is not the law, for the reasons discussed in this Court's previous orders. That analysis need not be repeated here.

Under Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, upon preliminary consideration of a habeas petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner still is not entitled to relief on the basis that no evidentiary hearing was conducted in his § 2255 proceeding. This latest petition must be dismissed, for the same reasons discussed in the orders dismissing the earlier three petitions.

## Disposition

Petitioner has repeatedly failed to demonstrate that § 2255 is an inadequate remedy for his claims, and consistent with *In re Davenport*, he cannot raise these claims through a § 2241 petition. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, this petition is summarily **DISMISSED** with prejudice.

## Sanctions

Petitioner has failed to heed this Court's warnings against filing further redundant and frivolous habeas actions in this District. Instead, he has continued to beat the dead horse of the dismissal of his § 2255 motion without

an evidentiary hearing, by raising this claim in three recent actions, all filed within a two-month period (Case Nos. 14-cv-756-DRH, July 1, 2014; 14-cv-893-DRH, August 14, 2014; and the present petition), after his original petition raising this claim was dismissed in November 2013.  The Court's patience has run out.  The undersigned Judge deems it appropriate and necessary to impose sanctions against petitioner, consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) (holding that courts have inherent powers to protect themselves from vexatious litigation)).  Petitioner's abuse of this Court's precious time and resources stops now.

**IT IS THEREFORE ORDERED** that petitioner Antwoyn Terrell Spencer is **fined $500.00**.  He also owes the $5.00 filing fee for this action, which must be paid no later than September 26, 2014 (Doc. 2).  Until he pays the $500.00 fine and the $5.00 filing fee in full to the Clerk of this Court, he is barred from filing further civil suits in this Court in accordance with *Support Sys. Int'l v. Mack,* 45 F.3d 185 (7th Cir. 1995).  **The CLERK is DIRECTED to return unfiled any papers that Spencer tenders in civil litigation in this Court, other than a collateral attack or habeas action.  All papers filed in a collateral attack or habeas action will be received and reviewed by this Court, but shall be deemed DENIED after thirty days, unless the Court orders otherwise.  Should Spencer continue to file frivolous actions, the fine is subject to increase.**

Exempt from this filing restriction are a notice of appeal in this case (which shall result in the imposition of a $505.00 filing fee) and any papers sought to be filed by petitioner in a civil or criminal case in which he is a party defendant. *See Newlin v. Helman,* 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995)). In accordance with this precedent, petitioner may apply for modification or rescission of this order not sooner than two years from the date of its entry, assuming that he fails to pay the balance of the $500.00 fine within those two years. Any papers submitted to the Court by petitioner while this filing restriction is in place shall be accompanied by a copy of this order.

If petitioner wishes to appeal this order, his notice of appeal must be filed with the Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-

day appeal deadline.[1] It is not necessary for petitioner to obtain a certificate of appealability from the dismissal of this § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 17th day of September, 2014.

Digitally signed by David R. Herndon

**Chief Judge
United States District Court**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).